UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS CAVANAUGH, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation; and DOES 1–10;<br><br>Defendants. | Case No. 20-1765<br><br>PLAINTIFF'S COMPLAINT FOR:<br>  1. COPYRIGHT INFRINGEMENT, and<br>  2. VICACRIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff Douglas Cavanaugh ("Cavanaugh" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**<u>INTRODUCTION</u>**

Plaintiff Douglas Cavanaugh is a Pennsylvania artist whose unique artwork incorporates various Celtic and Nordic themes, including unique depictions of mythological creatures. Cavanaugh's livelihood is dependent on his ability to license his artwork and sell merchandise

COMPLAINT

Case No. 20-1765

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

bearing his designs. Unfortunately, Cavanaugh's artwork has been misappropriated and incorporated into unauthorized apparel and personal accessory items being sold on Amazon.com, Inc.'s ("Amazon") website and marketplace, www.amazon.com ("Amazon Website"). Despite Amazon's receipt of a fully compliant takedown notice under the Digital Millennium Copyright Act ("DMCA") from Plaintiff, Plaintiff's copyrights continue to be infringed on the Amazon Website. This action is brought to address Amazon's failure to comply with the DMCA and the resulting ongoing and willful infringement of Plaintiff's rights in and to his artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Amazon.com, Inc. is subject to personal jurisdiction in Washington because it maintains its principal place of business in this state, at 410 Terry Avenue North, Seattle, Washington 98109.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred and this is the jurisdiction in which Defendant may be found.

## PARTIES

5. Plaintiff Douglas Cavanaugh ("Plaintiff") is an individual domiciled and residing in Ferndale, Pennsylvania.

6. Upon information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Seattle, Washington.

COMPLAINT

Case No. 20-1765

2

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

7.      Upon information and belief, Defendants DOES 1-5, inclusive, are manufacturers and/or distributors of products offered for sale on the Amazon Website, which Defendants DOES 1-5 have manufactured, imported, supplied, and distributed apparel and other products bearing unlawful reproductions of Plaintiff's illustration titled "Fenrir: The Monster Wolf of Norse Mythology" (the "Subject Work") without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8.      Upon information and belief, Defendants DOES 6-10, inclusive, are retailers and/or vendors of products offered for sale on the Amazon Website, which Defendants DOES 6-10 have displayed and distributed apparel and other products bearing unlawful reproductions of Plaintiff's illustration titled "Fenrir: The Monster Wolf of Norse Mythology" (the "Subject Work") without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants DOES 6-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

9.      Upon information and belief, and at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

COMPLAINT

Case No. 20-1765

3

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S DESIGN
"FENRIR: THE MONSTER WOLF OF NORSE MYTHOLOGY"**

10. Prior to the conduct complained of herein, Plaintiff composed the Subject Work – an original two-dimensional artwork for use, license, and sale on t-shirts and other products. The Subject Work was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

11. Plaintiff applied for a United States copyright registration for the Subject Work. The resulting U.S. Copyright Registration No. VA 2-119-205 has an effective date of December 11, 2017. The Copyright Registration Certificate and accompanying deposit materials are annexed hereto as **EXHIBIT A**.

12. Prior to the acts complained of herein, Plaintiff posted the Subject Work onto his website, www.CelticHammerClub.com, and offered it for sale on t-shirts and other products via his own website, and also third party websites, including but not limited to, RedBubble.com and TeePublic.com.

13. Following Plaintiff's publication and distribution of products bearing the Subject Work, he discovered that certain entities and individuals had misappropriated the design and were selling apparel and personal accessory products bearing illegal reproductions of the Subject Work on the Amazon Website.

14. Upon information and belief, and without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be created, manufactured, imported and/or distributed, apparel and other products bearing designs which are identical to the Subject Work ("Infringing

COMPLAINT

Case No. 20-1765

4

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

Fenrir Product"). Below is a comparison of the Subject Work and one exemplar of Infringing Fenrir Product:

| The Subject Work | Infringing Fenrir Product Exemplar |
|---|---|
|  | |

15. The above comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical.

16. The above exemplar is non-inclusive, and the allegations set forth herein are as to the entire universe of product sold by Defendants, and each of them, that bear a design similar to the Subject Work.

17. On October 14, 2020, Plaintiff submitted a notice of copyright infringement to Amazon's legal department, in compliance with the Digital Millennium Copyright Act

COMPLAINT

Case No. 20-1765

5

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

("DMCA"). The notice was submitted via email to Amazon's registered copyright agent at copyright@amazon.com. A copy of the DMCA notice is annexed hereto as **EXHIBIT B**.

18. The notice alerted Amazon to fifty-one (51) Amazon Website listings offering infringing products and requested removal of all 51 listings. In response, Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's DMCA notice. Plaintiff received no further communication from Amazon regarding these listings, and, to date, 24 out of the 51 infringing links remain active. Screen captures of each of the infringing links, taken on November 24, 2020, in Google Chrome's "Incognito Mode," are annexed hereto as **EXHIBIT C**. As of the date of this Complaint, the listings remain active.

19. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

**DMCA SAFE HARBOR PROTECTION**

20. As a party that asserts that it is an online service provider who hosts content for third parties, Amazon regularly claims protection under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

21. Upon information and belief, Amazon can remove each link for infringing product that is hosted on the Amazon Website.

COMPLAINT

Case No. 20-1765

6

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

22. Amazon has registered an agent with the United States Copyright Office for receipt of DMCA notices.

23. Plaintiff submitted a DMCA-compliant notice to Amazon requesting removal of links to infringing products and received the following automated response shortly after submitting his DMCA-compliant notice: "We received your email. Amazon respects the intellectual property rights of others. After we process your notice, we will notify you by email. This usually takes 1 to 2 days."

24. Plaintiff never authorized the infringing uses of the Subject Work, as set forth above.

25. Plaintiff's DMCA notice to Amazon contained a total of 51 links to infringing products being sold. Over one month later, 24 listings remain active.

26. Annexed hereto as **EXHIBIT D** is the October 14, 2020 DMCA notice, with the currently active listings highlighted. The fact that some listings were removed, but not others, demonstrates that Amazon reviewed the DMCA notice and then cherry-picked which listings it would remove.

27. Aside from Amazon's automated response email, Amazon has not contacted Plaintiff regarding his DMCA notice.

28. Because Amazon has failed to respond to Plaintiff's DMCA notice expeditiously, it cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against All Defendants, and Each)

29. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

COMPLAINT

Case No. 20-1765

7

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

30. Plaintiff is, and at all relevant times has been, the owner of the Subject Work.

31. The Subject Work is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

32. Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

33. Plaintiff duly registered the copyright to the Subject Work with the United States Copyright Office prior to the acts complained of herein.

34. Plaintiff has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Work.

35. Without Plaintiff's authorization, the Subject Work was reproduced on products and were publicly displayed on, and distributed via, the Amazon Website.

36. Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

37. Plaintiff provided notice to Amazon in compliance with the DMCA and Amazon failed to expeditiously disable access to or remove at least 24 infringing links on the Amazon Website.

38. Amazon had actual knowledge of the infringing listings on the Amazon Website.

39. In failing to disable and/or remove the infringing links from the Amazon Website after receipt of Plaintiff's DMCA notice, Amazon acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

40. Amazon directly infringed Plaintiff's copyrights by continuing to allow public access to the infringing links on the Amazon Website and/or Amazon's server or on servers

COMPLAINT

Case No. 20-1765

8

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

controlled by Amazon or through access controlled by Amazon to third-party servers, and by continuing to allow sales of a vast array of infringing products.

41. Upon information and belief, Defendants, and each of them, had access to the Subject Work through, without limitation, accessing the Subject Work (a) on Plaintiff's website; (b) on various websites authorized to sell products bearing the design, including without limitation RedBubble.com and TeePublic.com; and (c) through third-party manufacturers and/or vendors of authorized product. Access is also established by the striking similarity between the Subject Work and the corresponding artwork on Defendants', and each of their, infringing products.

42. Upon information and belief, one or more of the DOE Defendant manufacturers/distributors has an ongoing business relationship with DOE Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Work in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Work, or were an illegal derivation or modification thereof.

43. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Work and by producing, distributing and/or selling apparel and/or other products which infringe the Subject Work through Amazon's nationwide network.

44. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to his business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

45. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

COMPLAINT

Case No. 20-1765

9

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Work in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**
(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

48. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

49. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Work, as alleged herein.

50. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business

COMPLAINT

Case No. 20-1765

10

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

52. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Work, in an amount to be established at trial.

53. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against each Defendant as follows:

A. that the Court enter judgment against Defendant setting forth that Defendant has infringed Plaintiff's federally registered copyright to the Subject Work, as contemplated by 17 U.S.C. §501;

B. that each Defendant and its respective agents, officers and servants be enjoined from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Subject Work;

COMPLAINT

Case No. 20-1765

11

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

C. impounding all unauthorized material that bears infringing copies of the Subject Work in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

D. that Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);

E. that Plaintiff be awarded his attorneys' fees as available under 17 U.S.C. § 505;

F. that Plaintiff be awarded pre-judgment interest as allowed by law;

G. that Plaintiff be awarded the costs of this action; and

H. that Plaintiff be awarded such furpther legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

DATED: November 30, 2020        Respectfully submitted,

THE JACOB FREEMAN LAW FIRM, PLLC

By: _____
Jacob P. Freeman, WSBA #54123
415 1st Avenue N No. 9466
Seattle, Washington 98109
Tel.: (206) 350-1066
Fax: (206) 350-1120
Email: jfreeman@jflpllc.com

COMPLAINT

Case No. 20-1765

12

The Jacob Freeman Law Firm. PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120

**DANCHUK LAW, LLC**

By: _/s/ Dmitry Lapin_
    Dmitry Lapin, Esq.
(*Pro hac vice application forthcoming*)
2 Victoria Lane
Falmouth, Maine  04105
Tel.: (207) 464-0099
Email: dmitry@emilyesquire.com

*Attorneys for Plaintiff Douglas Cavanaugh*

COMPLAINT

Case No. 20-1765

13

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
tel: 206-350-1066 | fax: 206-350-1120